GENESTELLE vs. WAUGH & CORTHRON.

Where several powers of attorney are given to confess judgment on several debts in favor of, and against the same parties, it is competent and proper for the court to consolidate them, and enter but one judgment.

## ERROR to St. Louis Circuit Court.

### Statement of the Case.

On the 14th day of October, 1844, the plaintiff in error made three promissery notes to defendants in error, payable in two, four and six months, and for the sums of $300,—$300 and $400.— At the same time, plaintiff in error made three several warrants of attorney authorizing judgments to be rendered on the several notes after maturity, for their respective amounts. On the 21st April 1845, all the notes being due, defendants in error filed one declaration in St. Louis Circuit Court, on the three notes before mentioned, and also filed the three warrants of attorney and entered up one judgment by confession for $1,000, being the amount of the three notes together. At the next term of the court, and on the 9th day of April, 1845, the plaintiff filed his motion to set aside the judgment for irregularity in this respect: that the judgment was not authorized by the warrants of attorney. On the hearing of this motion, the court below decided that the judgment was authorized by the warrants of attorney and was in all respects regular, and overruled the motion. The plaintiff in error saved his exception, and brings the case into this court by writ of error.

DARBY & R. M. FIELD, *for Plaintiff*, contend:

That the warrants of attorney authorizing the entering of three judgments by confession, do not justify one entire judgment for the sum of the three.

It is material to observe, that each power authorizes judgment to be entered *for the amount of the note*.

Warrants of attorney are always construed strictly when they authorize a confession of a judgment, as the following cases will show:

In *Paris* vs. *Wilkerson*, the warrant was to enter judgment on *bond*. It was entered on a *mutuatus*. The judgment was set aside as irregular. 7 T. R., 133.

In *Harvie* vs *Wade*, the warrant authorized judgment against three, but only two signed it and judgment was taken against the two. But it was held irregular. 1 Chit. Rep., 322. So, in *Gee* vs. *Lane*, it was held that a warrant to enter judgment against two on a joint and several bond, did not authorize a judgment against the survivor. 15 East., 592; Rowe vs. Alderson, 7 Taunt., 453.

So, in *Cowie* vs. *Allaway*, it was decided that where the party holding the warrant dies, his executor cannot enter up the judgment. 8 T. R., 257; Henshall vs. Multhency, 7 Bing., 337.

In *Gayle* vs. *Foster*, it was decided that judgment must be entered for the precise amount mentioned in the warrant. A. R., 125.

In *Stevens* vs. *Duberry*, it is said that judgment by confession must strictly pursue the terms of the cognovit. A. R., 379.

From the foregoing cases, it appears that the question is not whether the party has sustained any injury by the departure from the power, but whether the judgment entered is identically the

24

same as that mentioned in the power. It is consequently of no moment that the responsibility of the defendant is not increased, nor that the mode adopted might be really beneficial to him. The real difficulty with the plaintiff below lies in this, that he has done what the terms of his power do not warrant.

The authority to confess judgment for another must appear on the record. Campbell vs. Cooper, 1 Hulet, 142; Tucker vs. Gregg, 1 South, 161.

GEYER, *for Defendants.*

The decision complained of is the refusal of the court below to set aside a judgment by confession, entered 22nd April, 1845, (April term, 1845,) on the application of the plaintiff in error made at a succeeding term, (9th April, 1846,) on the ground that the judgment was confessed on three several notes and warrants of attorney. No error of fact is alleged so as to justify the motion as a substitute for a writ of error *coram nobis*, which has been allowed in some cases. Nor is the matter complained of an irregularity, though so called in the motion, (1 Tidd's Practice, 562,) and the court had no power over the judgment after the end of April Term, 1845, to correct any error of law.

It is conceded that a power to render judgment must be strictly pursued, but it does not follow that the judgment in the case was erroneous or irregular. After all the notes became due, the plaintiffs below had not even the election to bring several suits; if three suits had have been brought the court would have consolidated the action at the cost of the plaintiffs. If an attempt had have been made to enter three seperate judgments on confession, the court might have directed a consolidation. It was competent for the plaintiff to file a separate count on each note or join as they did the three in one. The strict adherance to the letter of the powers, instead of being demanded, would have been oppressive, and therefore not tolerated by the law.

NAPTON, J., *delivered the opinion of the Court.*

The only error complained of in this case, is, that there were three several warrants of attorney to confess judgments upon three several notes, and a single judgment was entered for the whole amount of the notes. No error in fact is suggested, but it would seem, that the plaintiff in error preferred that the costs of three several judgments should be imposed upon him, rather than the costs of a single judgment for the consolidated amount! The single judgment resulted from the duty and powers of the court, and not from the form of the warrants of attorney. Had separate suits been brought, the court would have ordered them to be consolidated. The judgment in this case was authorized by the warrants of attorney, although it did not conform to the letter of any one of them.

Judgment affirmed.